# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 23-1809V

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*  \*

REBECCA DRYER-MINNERLY,

                Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                Respondent.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*  \*

Special Master Jennifer A. Shah

Filed: November 19, 2025

*Bridget McCullough*, Muller Brazil, LLP, Dresher, PA, for Petitioner.
*Katherine Edwards*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

      On October 16, 2023, Rebecca Dryer-Minnerly ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[2] (the "Vaccine Act" or "Program"), alleging that she suffered from Guillain-Barré syndrome ("GBS") and/or a significant aggravation of small fiber neuropathy caused by the influenza ("flu") vaccination she received on October 14, 2021. ECF No. 1 ("Pet.") at 1. On November 11, 2025, Petitioner filed an Amended Petition, now alleging that she developed trigeminal neuralgia caused by the October 14, 2021 flu vaccine. ECF No. 47 ("Am. Pet.") at 1.

---

[1] Because this Decision contains a reasoned explanation for the action in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner's former counsel, Ms. Phyllis Widman, filed an application for interim attorneys' fees and costs on June 12, 2025, requesting a total of $31,385.51, comprised of $27,609.00 in attorneys' fees and $3,776.51 in costs. ECF No. 39 ("Fees App.") at 2-3. Ms. Widman explained that she had closed her vaccine injury practice and joined a new law firm.[3] *Id.* at 1.

Respondent filed a response to the fee application on June 23, 2025, deferring to me as to whether Petitioner has met the legal standard for an award of interim attorneys' fees and costs. ECF No. 41 ("Fees Resp.") at 2. Petitioner did not file a reply. This is Petitioner's first motion for interim fees and costs.

I hereby **GRANT** Petitioner's application and award a total of **$31,385.51** in interim attorneys' fees and costs.

## I.    Legal Standard

### A.  Interim Attorneys' Fees and Costs

The Federal Circuit has held that an award of interim attorneys' fees and costs is permissible under the Vaccine Act. *Shaw v. Sec'y of Health & Hum. Servs.,* 609 F.3d 1372 (Fed. Cir. 2010); *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343 (Fed. Cir. 2008). In *Cloer*, the Federal Circuit noted that "Congress [has] made clear that denying interim attorneys' fees under the Vaccine Act is contrary to an underlying purpose of the Vaccine Act." *Cloer v. Sec'y of Health & Hum. Servs.*, 675 F.3d 1358, 1361-62 (Fed. Cir. 2012).

In *Avera,* the Federal Circuit stated that "[i]nterim fees are particularly appropriate in cases where proceedings are protracted, and costly experts must be retained." 515 F.3d at 1352. Likewise, in *Shaw,* the Federal Circuit held that "where the claimant establishes that the cost of litigation has imposed an undue hardship and there exists a good faith basis for the claim, it is proper for the special master to award interim attorneys' fees." 609 F.3d at 1375. *Avera* did not, however, define when interim fees are appropriate; rather, it has been interpreted to allow special masters discretion. *See Avera,* 515 F.3d at 1352; *Kirk v. Sec'y of Health & Hum. Servs.*, No. 08-241V, 2009 WL 775396, at *2 (Fed. Cl. Spec. Mstr. Mar. 13, 2009); *Bear v. Sec'y of Health & Hum. Servs.*, No. 11-362V, 2013 WL 691963, at *4 (Fed. Cl. Spec. Mstr. Feb. 4, 2013). Special masters have viewed the three *Avera* criteria -- protracted proceedings, costly expert testimony, and undue hardship -- as factors to consider in a flexible balancing test. *Avera,* 515 F.3d at 1352; *see Al-Uffi v. Sec'y of Health & Hum. Servs.*, No. 13-956V, 2015 WL 6181669, at *7 (Fed. Cl. Spec. Mstr. Sept. 30, 2015).

The undue hardship inquiry looks at more than just financial involvement of a petitioner; it also looks at any money expended by a petitioner's counsel. *Kirk*, 2009 WL 775396, at *2. Referring to *Avera*, former Chief Special Master Golkiewicz in *Kirk* found that "the general

---

[3] Ms. Bridget McCullough was substituted as counsel of record for Petitioner on June 26, 2025. *See* ECF No. 42.

principle underlying an award of interim fees [is] clear: avoid working a substantial financial hardship on petitioners and their counsel." *Id.*

### B.  Good Faith

A petitioner is eligible for an interim award of reasonable attorneys' fees and costs only if the special master finds that the petition was brought in good faith and with a reasonable basis. §15(e)(1); *Avera*, 515 F.3d at 1352; *Shaw*, 609 F.3d at 1372; *Woods v. Sec'y of Health & Hum. Servs*, 105 Fed. Cl. 148, 154 (2012); *Friedman v. Sec'y of Health & Hum. Servs.*, 94 Fed. Cl. 323, 334 (2010); *Doe 21 v. Sec'y of Health & Hum. Servs.*, 89 Fed. Cl. 661, 668 (2009); *Bear*, 2013 WL 691963, at *5; *Lumsden v. Sec'y of Health & Hum. Servs.*, No. 97-588V, 2012 WL 1450520, at *4 (Fed. Cl. Spec. Mstr. Mar. 28, 2012).  The good faith requirement is met through a subjective inquiry.  *Di Roma v. Sec'y of Health & Hum. Servs.*, No. 90-3277V, 1993 WL 496981, at *1 (Fed. Cl. Spec. Mstr. Nov. 18, 1993).  It "focuses upon whether [P]etitioner honestly believed he had a legitimate claim for compensation." *Turner v. Sec'y of Health & Hum. Servs.*, No. 99-544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007).  Without evidence of bad faith, "petitioners are entitled to a presumption of good faith." *Grice v. Sec'y of Health & Hum. Servs.*, 36 Fed. Cl. 114, 121 (1996).  Thus, so long as Petitioner had an honest belief that her claim could succeed, the good faith requirement is satisfied.  *See Riley v. Sec'y of Health & Hum. Servs.*, No. 09-276V, 2011 WL 2036976, at *2 (Fed. Cl. Spec. Mstr. Apr. 29, 2011) (citing *Di Roma*, 1993 WL 496981, at *1); *Turner*, 2007 WL 4410030, at *5.

### C.  Reasonable Basis

Unlike the good faith inquiry, an analysis of reasonable basis requires more than just a petitioner's belief in her claim.  *Turner*, 2007 WL 4410030, at *6-7.  Instead, the claim must be supported by objective evidence -- medical records or medical opinion.  *Sharp-Roundtree v. Sec'y of Health & Hum. Servs.*, No. 14-804V, 2015 WL 12600336, at *3 (Fed. Cl. Spec. Mstr. Nov. 3, 2015).

Although the statute does not define the quantum of proof needed to establish reasonable basis, it is "something less than the preponderant evidence ultimately required to prevail on one's vaccine-injury claim." *Chuisano v. United States,* 116 Fed. Cl. 276, 283 (2014).  The Court of Federal Claims affirmed in *Chuisano* that "[a]t the most basic level, a petitioner who submits no evidence would not be found to have reasonable basis. . ." *Id.* at 286.  The court in *Chuisano* found that a petition that relies on temporal proximity and a petitioner's affidavit is not sufficient to establish reasonable basis.  *Id.* at 290; *see also Turpin v. Sec'y of Health & Hum. Servs.*, No. 99-564V, 2005 WL 1026714, *2 (Fed. Cl. Spec. Mstr. Feb. 10, 2005) (finding no reasonable basis when petitioner submitted an affidavit and no other records); *Brown v. Sec'y of Health & Hum. Servs.*, No. 99-539V, 2005 WL 1026713, *2 (Fed. Cl. Spec. Mstr. Mar. 11, 2005) (finding no reasonable basis when petitioner presented only e-mails between her and her attorney).  The Federal Circuit has affirmed that "more than a mere scintilla but less than a preponderance of proof could provide sufficient grounds for a special master to find reasonable basis." *Cottingham v. Sec'y of Health & Hum. Servs.*, No. 2019-1596, 971 F.3d 1337, 1346 (Fed. Cir. 2020) (finding Petitioner submitted objective evidence supporting causation when she submitted medical records and a vaccine package insert); *see also James-Cornelius v. Sec'y of Health & Hum. Servs.*, 984

3

F.3d 1374, 1380 (Fed. Cir. 2021) (finding that "the lack of an express medical opinion on causation did not by itself negate the claim's reasonable basis").

"[I]n deciding reasonable basis the [s]pecial [m]aster needs to focus on the requirements for a petition under the Vaccine Act to determine if the elements have been asserted with sufficient evidence to make a feasible claim for recovery." *Santacroce v. Sec'y of Health & Hum. Servs.*, No. 15-555V, 2018 WL 405121, at *7 (Fed. Cl. Jan. 5, 2018). Special masters cannot award compensation "based on the claims of petitioner alone, unsubstantiated by medical records or by medical opinion." 42 U.S.C. § 300aa-13(a)(1). Special masters and judges of the Court of Federal Claims have interpreted this provision to mean that petitioners must submit medical records or expert medical opinion in support of causation-in-fact claims. *See Waterman v. Sec'y of Health & Hum. Servs.,* 123 Fed. Cl. 564, 574 (2015) (citing *Dickerson v. Sec'y of Health & Hum. Servs.*, 35 Fed. Cl. 593, 599 (1996) (stating that medical opinion evidence is required to support an on-Table theory where medical records fail to establish a Table injury)).

When determining if a reasonable basis exists, a special master may consider a myriad of factors, including "the factual basis of the claim, the medical and scientific support for the claim, the novelty of the vaccine, and the novelty of the theory of causation." *Amankwaa*, 138 Fed. Cl. at 289. This approach allows the special master to look at each application for attorneys' fees and costs on a case-by-case basis. *Hamrick v. Sec'y of Health & Hum. Servs.*, No. 99-683V, 2007 WL 4793152, at *4 (Fed. Cl. Spec. Mstr. Nov. 19, 2007).

## II.    Discussion

### A.  Undue Financial Hardship

The Federal Circuit has noted that interim fees "are particularly appropriate in cases where proceedings are protracted, and costly experts must be retained." *Avera*, 515 F.3d at 1352 (Fed. Cir. 2008). Ms. Widman worked on this case from 2020-2025 and has not been awarded interim fees and costs. ECF No. 1; Fees App., Ex. 172. Given this, and because Ms. Widman has closed her vaccine injury practice, I believe it would be an undue burden to her if an interim award were not issued. I note that other special masters have viewed the closing of a vaccine injury practice to bring a financial hardship warranting interim fees. *See, e.g., Weiss v. Sec'y of Health & Hum. Servs.,* No. 24-546V, 2025 WL 2304491, at *2 (Fed. Cl. Spec. Mstr. July 9, 2025) (granting an interim fee award "almost wholly in light of [counsel's] withdrawal); *Breault v. Sec'y of Health & Hum. Servs.*, No. 22-1220V, 2025 WL 2028524, at *1 (Fed. Cl. Spec. Mstr. June 25, 2025); *Fiorello v. Sec'y of Health & Hum. Servs.*, No. 17-1869V, 2025 WL 785004, at *4 (Fed. Cl. Spec. Mstr. Feb. 11, 2025) (finding persuasive that "[counsel] is entirely winding down his practice, a process that will likely depend on resolution of his firm's outstanding deliverables"). I find that Petitioner would suffer undue hardship without an award of interim fees and costs.

### B.  Good Faith and Reasonable Basis

Respondent has not raised any specific objection to Petitioner's good faith or reasonable basis for this claim, and he leaves the determination to my discretion. Fees Resp. at 2. I find that the petition was filed in good faith.

As discussed above, the threshold for reasonable basis is much lower than the burden to prove entitlement to compensation, which requires preponderant evidence. Although I raised concerns about the viability of this case during the October 9, 2025 status conference, mostly due to Petitioner's inability to retain an expert to opine in this case, I find the petition was filed with a reasonable basis. *See* ECF No. 46. Petitioner had a complex pre-vaccination medical history, which complicates whether her post-vaccination symptoms were related to her pre-vaccination conditions or caused by the flu vaccine. However, I do note that approximately 11 days after her vaccination, on October 25, 2021, Petitioner wrote a message to her primary care physician ("PCP") complaining of facial, arm, and leg numbness. Ex. 1 at 30. Petitioner then presented to a neurologist on November 1, 2021, reporting a loss of balance, burning and numbness in her arms, legs, and face, and trouble standing, all of which developed after her flu vaccination. Ex. 4 at 2. While the neurologist believed these symptoms were related to Petitioner's pre-existing Sjogren's syndrome, she was recommended for IVIG therapy, consistent with treatment for GBS or chronic inflammatory demyelinating polyneuropathy ("CIDP"). *Id.* at 9. Petitioner also initiated the submission of a VAERS report to report her post-vaccination symptoms. Ex. 1 at 8-9. Her PCP commented: "Yes I totally agree with reporting to VAERS." *Id.* at 8. Finally, Petitioner consistently informed her treating physicians that her symptoms began after her flu vaccination. As such, based on the record as a whole, I conclude Petitioner has provided more than a mere scintilla of evidence support the elements of her case and has maintained a reasonable basis for her claim to this point.

As there is no other reason to deny an award of interim attorneys' fees and costs, I will award Petitioner's reasonable fees and costs as described below.

## C. Attorneys' Fees

Petitioner requests a total of $27,609.00 in attorneys' fees. Petitioner bears the burden of establishing that the rates charged, hours expended, and costs incurred are reasonable. *Wasson v. Sec'y of Health & Hum. Servs.*, 24 Cl. Ct. 482, 484 (1993).

### 1. Reasonable Hourly Rate

A reasonable hourly rate is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of [P]etitioner's attorney." *Rodriguez v. Sec'y of Health & Hum. Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349).

*McCulloch* provides the framework for determining the appropriate compensation for attorneys' fees based upon the attorneys' experience. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09–293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and issues an annual Fee Schedule.[4]

---

[4] The Office of Special Masters Attorneys' Forum Hourly Rate Fee Schedule for 2015 through 2025 can be accessed at: https://www.uscfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules. The hourly

Petitioner requests compensation for Ms. Widman at the following hourly rates: $400.00 per hour for work performed in 2022; $420.00 per hour for work performed in 2023; and $480.00 per hour for work performed in 2024. *See generally* Fees App., Ex. A. Petitioner also requests compensation for paralegal work at $175.00 per hour for work performed in 2023. *See generally id.*

The rates requested for Ms. Widman and the paralegal are consistent with what has previously been awarded. *See, e.g.*, *Jenkins v. Sec'y of Health & Hum. Servs.*, No. 18-1946V, 2025 WL 2218830 (Fed. Cl. Spec. Mstr. July 11, 2025); *Griffiths v. Sec'y of Health & Hum. Servs.*, No. 23-243V, 2025 WL 2027767 (Fed. Cl. Spec. Mstr. June 26, 2025); *Williams v. Sec'y of Health & Hum. Servs.*, No. 18-1860V, 2025 WL 755057 (Fed. Cl. Spec. Mstr. Feb. 11, 2025). Accordingly, I find the requested rates are reasonable and that no adjustment is warranted.

2.  Hours Reasonably Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton ex rel. Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1522 (Fed. Cir. 1993). In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 728-29 (2011) (affirming the special master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Hum. Servs.*, 38 Fed. Cl. 403, 406 (1997) (affirming the special master's reduction of attorney and paralegal hours). Further, special masters may reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 208-09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 318 (Fed. Cl. 2008), *aff'd*, No. 99-573V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (Fed. Cl. 2011). Special masters may look to their experience and judgment to reduce an award of fees and costs to a level they find reasonable for the work performed. *Saxton*, 3 F.3d at 1521. It is within a special master's discretion to make a global reduction to the total amount of fees requested. *See Hines v. Sec'y of Health & Hum. Servs.*, 22 Cl. Ct. 750, 753 (1991) ("special masters have wide latitude in determining the reasonableness of both attorneys' fees and costs"); *Hocraffer v. Sec'y of Health & Hum. Servs.*, No. 99-533V, 2011 WL 3705153 (Fed. Cl. Spec. Mstr. July 25, 2011), *mot. for rev. denied*, 2011 WL 6292218, at *13 (Fed. Cl. 2011) (denying review of the special master's decision and endorsing "a global – rather than line-by-line – approach to determine the reasonable number of hours expended in this case").

While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See O'Neill v. Sec'y of Health &*

---

rates delineated in the schedules are updated based on the decision in *McCulloch*, 2015 WL 5634323.

*Hum. Servs.*, No. 08–243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g.*, *McCulloch*, 2015 WL 5634323, at *26. It is well-established that billing for administrative and clerical tasks is not permitted in the Vaccine Program. *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989).

The overall hours spent on this matter appear to be reasonable. I have reviewed the billing entries and find that they adequately describe the work done on the case and the amount of time spent on that work. None of the entries appear objectionable; nor has Respondent identified any entries as objectionable. Accordingly, Petitioner is awarded attorneys' fees in the amount of **$27,609.00.**

### D. Reasonable Costs

Petitioner requests a total of $3,776.51 for costs, consisting of $3,374.51 for medical record requests and $402.00 for the Court's filing fee. Petitioner provided documentation for the costs associated with the medical record requests and filing expenses. Fees App. at 4-5.

The record as it stands is unclear as to whether the costs in this case were borne by Ms. Widman or Petitioner herself. Petitioner's fee application states that "the total litigation related costs amount to $3,776.51, which was paid by Petitioner." Fees App. at 2. A summation page within the application is entitled "Costs Paid by Petitioner." Fees App. at 4. Also, Petitioner filed a Statement of Personal Costs under General Order No. 9, which averred that the "Costs Paid by Petitioner" totaled $3,776.51, while "Costs Paid by Counsel" totaled $0.00. ECF No. 40. This document was signed by both Petitioner and Ms. Widman.

Despite these representations, all of the documentation submitted in support of the claimed costs appear to show the costs were paid for by Ms. Widman. Notably, most of the checks for the expenses were signed by the "Widman Law Firm." *See* Fees App., Ex. B. As such, I conclude the costs incurred have been paid for by the Widman Law Firm, and not by Petitioner herself.

I award Petitioner a total of **$3,776.51** in attorneys' costs.

## III. Conclusion

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of awards of interim attorneys' fees and costs, and based on the foregoing, I **GRANT** Petitioner's application. Petitioner is awarded interim attorneys' fees and costs in the total amount of **$31,385.51** as follows:

- A lump sum in the amount of **$31,385.51**, representing reimbursement of Petitioner's former counsel's interim attorneys' fees and costs, to be paid through

7

an ACH deposit to Petitioner's former counsel's IOLTA account for prompt disbursement.[5]

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[6]

**IT IS SO ORDERED.**

<u>s/ Jennifer A. Shah</u>
Jennifer A. Shah
Special Master

---

[5] Normally, an award for costs incurred by a petitioner is a separate line item of the award. As I do not believe Petitioner incurred any costs in this case, I will award interim attorneys' fees and costs to just Ms. Widman. If that is wrong, counsel shall disperse the funds appropriately.

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.